**In re Mamie S. J. LANFORD, Debtor.**

**Mamie S. J. LANFORD, Plaintiff,**

v.

**MACALESTER COLLEGE, Defendant.**

**Bankruptcy No. 3–80–1586.
Adv. No. 80–326.**

United States Bankruptcy Court,
D. Minnesota,
Third Division.

March 20, 1981.

Ian Traquair Ball of Rasmussen & Ball, Minneapolis, Minn., for plaintiff-debtor.

David A. Kastelic of Moore, Costello & Hart, St. Paul, Minn., for defendant-college.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

JACOB DIM, Bankruptcy Judge.

The above-entitled matter came on for trial before the Honorable Jacob Dim, Bankruptcy Judge, on January 16, 1981. A stipulation of facts was agreed to by and between the parties and read into the record. Based on the stipulation and the arguments of counsel and all the records and pleadings herein, the Court makes the following:

## FINDINGS OF FACT

1. That between August 1975 and May 1977, Mamie S. J. Lanford, Plaintiff, was enrolled as a student at Macalester College, Defendant, a private college in St. Paul, Ramsey County, Minnesota.

2. That as a student at Macalester College, Mamie S. J. Lanford obtained a National Direct Student Loan of $800, and further incurred Student Account charges of $1,926.20 for room, board, tuition, activity fees, and other charges.

3. That on September 15, 1980, Mamie S. J. Lanford filed a Chapter 13 plan with the United States Bankruptcy Court, Case No. 3–80–1586, including Macalester College as an unsecured creditor.

4. That on October 8, 1980, Macalester College filed a Proof of Claim in the amount of $2,786.20 for Mamie S. J. Lanford with the United States Bankruptcy Court.

5. That on November 14, 1980, the Chapter 13 plan of Mamie S. J. Lanford was confirmed by Order of Bankruptcy Judge Jacob Dim.

6. That subsequent to September 15, 1980, Mamie S. J. Lanford requested a transcript from Macalester College.

7. That Macalester College advised Mamie S. J. Lanford that it would refuse the release of transcript until the student account balance was paid in full and the student loan brought to a current status, as a matter of policy.

## CONCLUSIONS OF LAW

1. The issue presented is the right of a private college to withhold from the debtor a copy of the debtor's transcript until the debtor has paid debts owed to the college in full.

2. The issue was decided under the Bankruptcy Act of 1898, as amended in *Girardier v. Webster College*, 563 F.2d 1267 (8th Cir. 1977). In that decision the Eighth Circuit Court of Appeals determined that there was no violation of the Bankruptcy Act when a private college withheld a transcript even though the debt was discharged. The Court's decision was based on 11 U.S.C. § 14(f)(2) which stated:

"An order of discharge shall—enjoin all creditors whose debts are discharged from thereafter instituting or continuing any action or employing any process to collect such debts as personal liabilities of the bankrupt."

3. § 14(f)(2) was added to the Bankruptcy Act in 1970 because Congress recognized problems which occurred when creditors sought judgments against debtors on discharged debts. It was then incumbent on the debtor to plead and prove discharge.

4. Since the decision in *Girardier*, supra, Congress has completely changed the Bankruptcy Act replacing it with the Bankruptcy Code of 1978, thereby legislatively overruling the *Girardier* decision. *In re Heath*, 3 B.R. 351, 1 CBC 2d 736 (N.D.Ill.1980).

5. Congress in passing the Bankruptcy Code saw as a problem more than just the commencement of legal proceeding on discharged debt. Informal and often coercive measures were being used by creditors to get debtors to pay debts which were discharged. As a result Congress significantly increased the protection for a debtor. § 524, which deals with the effect of discharge and replaces § 14(f) of the Act, does more than prohibit the use of formal legal process. § 524(c) and (d) make void and of no effect any agreement between the debtor and creditor to reaffirm a discharged debt. Finally, Congress broadened the scope of the stay provided in bankruptcy under § 362(a).

6. *Girardier*, supra is based on the Bankruptcy Act which narrowly proscribed the impermissible acts after discharge. The reasoning used in that case cannot be applied to the present case. Congress in the Bankruptcy Code has prohibited the use of "nonlegal, informal means of inducing the debtor to make payment on or revive the discharged obligation". 563 F.2d at 1273.

7. Turning to the instant case, the debtor asserts that the defendant has violated § 362(a)(6) which provides:

"[A] petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of—any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title."

8. This debt arose prior to the commencement of the bankruptcy case. The defendant acknowledges that its sole reason for refusing debtor's request is that its debt has not been paid.

9. The defendant argues that it has taken no "act" to collect its debt. It

**134**

asserts that act means some affirmative action on its part. This is too narrow a reading of this section. Congress did not limit act to affirmative actions. A refusal or failure to take action is an act. See *In re Johnson,* 8 B.R. 371, 3 CBC 2d 569 (Minn. 1981). The defendant's sole purpose in withholding the transcript is to collect a prepetition debt. The use of such coercive tactics was the precise ill Congress wished to remedy.

10. Two recent decisions, *In re Llewelyan,* —— B.R. ——, 7 BCD 43 (Kan.1980) and *In re Heath,* supra, have similarly held that withholding the transcript was an act which violated § 362(a)(6). Where the withholding of the transcript serves no purpose but the collection of a debt, the action of the school "undeniable falls within the scope of section 362(a)(6) and clearly violates the automatic stay." 3 B.R. at 355, 1 CBC 2d at 742.

11. The action taken by the defendant is no less coercive than the action of a creditor in badgering and harassing a debtor into paying a discharged debt. It goes even further in hindering the ability of a debtor to earn sufficient income to repay the debt. Such an action injures all the creditors as well as the debtor. It violates § 362(a)(6) and impairs the "fresh start" which Congress sought to provide.

### ORDER

Now Therefore, IT IS ORDERED and ADJUDGED that the defendant, Macalester College, provide the debtor, Mamie S. J. Lanford, with a copy of her transcript upon payment of the customary processing fee.