In re Albert Vern DAVIS, a/k/a A. V. Davis, a/k/a Vern Davis, and Pauline Bertha Davis, Debtors.

The STATE BANK OF SPRINGHILL, Marion Wells and Kurt R. Paulinski, Plaintiffs,

v.

Albert Vern DAVIS, a/k/a A. V. Davis, a/k/a Vern Davis, Defendant.

Bankruptcy No. 81–20765.
Adv. No. 81–0255.

United States Bankruptcy Court, D. Kansas.

March 11, 1982.

Byron C. Loudon, Kansas City, Kan., for debtor/defendant.

Michael E. Whitsitt, Overland Park, Kan., for plaintiffs.

## MEMORANDUM OPINION

BENJAMIN E. FRANKLIN, Bankruptcy Judge.

This matter came on for pretrial on January 7, 1982, upon plaintiffs' Complaint to Determine Dischargeability of Debt and upon plaintiffs' Motion for Summary Judgement. Plaintiffs, The State Bank of Springhill, Marion Wells and Kurt R. Paulinski, appeared by their attorney of record, Michael E. Whitsitt. Defendant, Albert Vern Davis, appeared by his attorney of record, Byron C. Loudon, of McDowell, Rice & Smith, Chartered.

Plaintiffs alleged that the debt was nondischargeable under 11 U.S.C. § 523(a)(2)(A) and 11 U.S.C. § 523(a)(2)(B). At the pretrial hearing, this Court denied plaintiffs' summary judgement motion with respect to 11 U.S.C. § 523(a)(2)(B) because there was no evidence of a written statement. This Court took plaintiffs' motion for summary judgement under 11 U.S.C. § 523(a)(2)(A) under advisement. The pretrial was continued pending resolution of the summary judgement motion.

### FINDINGS OF FACT

Upon examining the pleadings, briefs, affidavit and state court judgement filed herein, this Court finds as follows:

1. That this Court has proper venue and jurisdiction.

2. That on August 13, 1981, the debtors filed a voluntary Chapter 7 petition; on October 19, 1981, the plaintiffs filed their Complaint; and on January 21, 1982, the debtors were discharged.

3. That on March 7, 1977, in Johnson County District Court Case No. C–65634, judgement was granted in favor of the plaintiff in that action, The State Bank of Springhill, and against the defendants, Davis Van Lines, Inc., Albert Vern Davis and Kurt R. Paulinski. Plaintiff was awarded $8,500.00 in actual damages and $1,000.00 in punitive damages. On March 13, 1981, the judgment was assigned to Marion Wells. To date, The judgement is unsatisfied.

4. That The State Bank of Springhill (Bank) sued Davis and Paulinski in state court to recover $8,500.00 wrongfully obtained from the Bank. Davis, as president of Davis Van Lines, Inc., gave two instruments drawn on Mercantile Bank & Trust Co. to Paulinski, the sales manager of Davis Van Lines, Inc. Davis instructed Paulinski to endorse the instruments and deposit them in a checking account. Paulinski opened an account in his own name at the Bank and deposited the two instruments, which totalled $8,600.00. The Bank gave Paulinski provisional credit; and within the next two weeks, Paulinski wrote five checks to Davis, totalling $8,500.00. Subsequently, the Bank learned that the two instruments drawn on Mercantile Bank and Trust Co. would not clear. The Bank demanded reimbursement from Davis, Paulinski or Davis Van Lines, Inc., but they refused.

5. That the matter was fully tried to the state court. All parties were represented by counsel. All parties presented evidence. The court heard testimony from Davis, Paulinski, and an officer of the Bank. A court reporter was present, but she did not make a transcript and she is now unable to locate her notes.

6. That the state court judge, the Hon. Keith L. Stanley, prepared detailed findings of fact and conclusions of law from his bench notes. Judge Stanley expressly found that:

(a) Davis knew that the two instruments were worthless and that Mercantile Bank & Trust Co. was a fraudulent bank;

(b) Davis instructed Paulinski as if the instruments were valid;

(c) Davis falsely represented, through his agent, Paulinski, that the instruments were valid;

(d) Davis made the representations with the intent to deceive and induce the Bank to give credit for the instruments;

(e) The Bank relied on the representations, gave credit and was thereby damaged in the amount of $8,500.00;

(f) Davis and Davis Van Lines, Inc. were liable for the representations;

(g) Paulinski was entitled to reimbursement and indemnification from Davis and Davis Van Lines, Inc.

7. That the state court decision was not appealed.

8. That Davis filed an affidavit on January 7, 1982, that purportedly raised genuine, material issues of fact. The affidavit alleged that:

(a) Davis did not know the instruments were worthless or that Mercantile was a fraudulent bank, since he contacted Mercantile through an (unnamed) financing source in Chicago;

(b) Mercantile's "president" perpetrated a fraud on Davis, and Davis so testified at a trial of Mercantile's "president";

(c) Davis did not use the $8,500.00 for personal purposes, but used it for Davis Van Lines, Inc.;

(d) In previous suits against Davis Van Lines, Inc., the courts had found that Davis was not personally liable;

(e) Davis chose Mercantile over local financing sources because Mercantile allowed a longer payoff period on its letters of credit;

(f) A Florida bank would not accept Mercantile's letter of credit; but only because that bank preferred to operate as a mere clearing house for Mercantile instruments.

## ISSUES

I. WHETHER THERE ARE ANY GENUINE ISSUES OF MATERIAL FACT, SUCH THAT THE SUMMARY JUDGMENT MOTION SHOULD BE DENIED.

II. WHETHER THE DOCTRINE OF COLLATERAL ESTOPPEL APPLIES TO DISCHARGEABILITY COMPLAINTS.

### CONCLUSIONS OF LAW

#### I.

Bankruptcy Rule 756 adopts Federal Rule of Civil Procedure 56, which says that absent a genuine issue as to any material fact, summary judgement shall be granted as a matter of law. Davis, pursuant to Rule 56(c), filed an affidavit in opposition to the summary judgement motion.

■ None of the allegations in the affidavit rise to the level of a *genuine* issue of *material* fact. Two of the allegations, if true, are simply immaterial. For our purposes it does not matter that Davis used the $8,500.00 for his business or that in prior suits Davis was not found personally liable for transactions of Davis Van Lines, Inc.

■ The remaining allegations do not raise genuine issues. Judge Stanley expressly found that Davis *knew* that Mercantile was a fraudulent bank; and he (Judge Stanley) listed *sixteen* facts which led to his conclusion. Among them were the following: (1) Davis obtained a $100,000.00 letter of credit from Mercantile with no consideration, and when asked why, Davis responded because "they liked the way I comb my hair"; (2) Davis sent Paulinski all over the country and to the West Indies, trying to cash the worthless instruments from Mercantile; (3) Davis chose Mercantile over legitimate local banks. In his affidavit, Davis alleged that he chose Mercantile over local banks because of Mercantile's favorable terms. This is not an issue at all. Judge Stanley found that Mercantile had (extraordinarily) favorable terms. Davis also alleged that he had no way of knowing that Mercantile was a fraudulent bank because a third party made the arrangements; and that later Davis testified against the third party and the president of Mercantile, who were on trial for defrauding Davis and others. This Court cannot find that that bare allegation raised a genuine issue because Davis declined to name the lawsuit or the third party. In sum, this Court finds no genuine issue of material fact, and the matter can be resolved solely on issues of law.

#### II.

Before 1970, there was little question that determining the dischargeability of a

debt under § 17 of the Bankruptcy Act[1] was the province of state courts. Then came the 1970 amendments to section 17 which gave the Bankruptcy Court exclusive jurisdiction to determine dischargeability of debts that fell within that section. The Circuit Courts of Appeals were split on the issue of the res judicata or collateral estoppel effect of prior state court judgements on dischargeability actions in bankruptcy court. The Supreme Court granted certiorari in *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979) to resolve the confusion.

The Supreme Court made clear that prior state court judgements have no res judicata effect on § 17 actions. In its often quoted footnote 10, the Supreme Court acknowledged that commentators were split as to the applicability of collateral estoppel to § 17 actions, yet the court declined to also resolve that question. The court did indicate that there was room for collateral estoppel in § 17 actions. In *Brown v. Felsen*, supra, at 139, fn. 10, 99 S.Ct. at 2213, fn. 10, it is stated:

> "This case concerns res judicata only, and not the narrower principle of collateral estoppel. Whereas res judicata forecloses all that which might have been litigated previously, collateral estoppel treats as final only those questions actually and necessarily decided in a prior suit..(citations omitted).. If, in the course of adjudicating a state-law question, a state court should determine factual issues using standards identical to those of § 17, then collateral estoppel, in the absence of countervailing statutory policy, would bar relitigation of those issues in the bankruptcy court."

Davis argues that since the time of the *Brown* decision, there has been a "countervailing statutory policy": exclusive jurisdiction now lies with the bankruptcy court for all claims arising under title 11, according to 28 U.S.C. § 1471(c). Davis is not alone in this view. See, e.g. *Grove v. Fulwiler*, 624 F.2d 908 (9th Cir. 1980).

However, there is still a great deal of confusion regarding the applicability of collateral estoppel. The Tenth Circuit has not discussed the issue in detail, but has acknowledged that the Supreme Court left the issue unresolved. *In re Franklin*, 615 F.2d 909 (10th Cir. 1980).

The Fifth and Sixth Circuits have indicated that collateral estoppel can apply.

In *Carey Lumber Co. v. Bell*, 615 F.2d 370, 377–78 (5th Cir. 1980), the court stated: "... Like the Ninth Circuit in *In re Houtman,* this court would be constrained to reverse the bankruptcy court's decision if the bankruptcy judge had held himself to be bound by the state court judgment. That, however, is not the case. The bankruptcy judge here was presented with state court consent judgments as part of a motion for summary judgment on the claim of nondischargeability.... The judgments contained rather detailed recitations of the findings which closely paralleled the language of § 17(a)(4) of the Bankruptcy Act. The bankruptcy judge quite properly considered these judgments as evidence in connection with the motion for summary judgment."

In *Spilman v. Harley*, 656 F.2d 224 (6th Cir. 1981), the court reversed the bankruptcy court's collateral estoppel of certain findings by the state court because the bankruptcy court only looked at the judgment, which was vague and ambiguous. The court indicated that had the bankruptcy court looked at the entire record, it might have affirmed the bankruptcy court's decision. *Spilman v. Harley, supra*, states in part, at pg. 227 as follows:

> "Applying collateral estoppel is logically consistent with the Supreme Court's decision in *Brown* and the exclusive jurisdiction of the bankruptcy courts while at the same time encouraging judicial economy. The determination whether or not a certain debt is dischargeable is a legal conclusion based upon the facts in the case. The bankruptcy court has the exclusive jurisdiction to make that legal conclusion. It must apply the statute to

---

1. The substantially similar predecessor of § 523.

the facts and decide to discharge or not. Therefore, res judicata does not apply to prevent litigation of every issue which might have been covered in the state court proceeding on the debt. However, that Congress intended the bankruptcy court to determine the final result—dischargeability or not—does not require the bankruptcy court to redetermine all the underlying facts. . . ."

Few courts take as strict a position as Davis urges on this Court. Most courts are hesitant to apply collateral estoppel; but most indicate that the doctrine would be applicable, in the right situation. Almost all of these courts agree that collateral estoppel should not be used when the bankruptcy court has a default judgement or bare verdict before it. Most courts think it advisable that the bankruptcy court review the entire record before determining whether collateral estoppel would be proper. See, e.g., *Matter of Herman*, 6 B.R. 352 (U.S.D. C.S.D.N.Y.1980); *In re Webster*, 1 B.R. 61 (Bkrtcy.E.D.Va.1979); *In re Whitmore*, 7 B.R. 835 (Bkrtcy.N.D.Ga.1980).

In *Franks v. Thomason*, 4 B.R. 814, 821 (U.S.D.C.N.D.Ga.1980), the Court stated:

" . . . Those facts that were actually litigated and necessary to the decision in the court that rendered the judgment, and that are discernible from the record of the case, should not be reopened absent a compelling reason to avoid injustice. Such facts are obviously much easier to discern from the record in a non-jury case where detailed findings of fact have been made. Where a jury has rendered a general verdict, however, ascertaining their factual conclusions may be more difficult. The bankruptcy judge must necessarily tailor his application of collateral estoppel to the circumstances of the case before him, consistent with its purposes and the countervailing intent of Congress. . . ."

■ The entire record is not before this Court. The transcript is unavailable. However, this Court has the state court judgment before it and that judgment includes detailed findings of fact and conclusions of law. This Court is able to discern what facts were actually and necessarily litigated and what legal standard the state court used in making its conclusions of law. This Court finds that it has enough information before it to determine whether Davis can be collaterally estopped from relitigating any facts.

The basis of the state court action was that Davis and Paulinski wrongfully and fraudulently obtained credit from the Bank. In determining that fraud existed, the state court actually and necessarily litigated the following factual issues: (1) how the fraud occurred; (2) scienter; (3) damage; and (4) causation.

The state court found that fraud was committed by false representations that Davis made through Paulinski, his agent. The state court also found that the representations were made with knowledge that they were false and with the intent to deceive, that the Bank relied on the representations and was thereby damaged.

This Court finds that the state court's finding of fraud was based on standards substantially similar to those in 11 U.S.C. § 523(a)(2)(A). Therefore, in the interest of judicial economy and fairness to the Bank, this Court will not relitigate, after 5 years, findings made by the state court.

■ This Court must decide the ultimate question of dischargeability. Since the factual findings made by the state court satisfy all the elements of a § 523(a)(2)(A) cause of action: false representation, made with knowledge and intent to deceive, reliance and damage; this Court finds that there is no need for an evidentiary hearing; that the Bank's Motion for Summary Judgment should be sustained; and that the debt is nondischargeable under Title 11 U.S.C. § 523(a)(2)(A).

THE FOREGOING SHALL CONSTITUTE MY FINDINGS OF FACT AND CONCLUSIONS OF LAW UNDER BANKRUPTCY RULE 752 AND RULE 52(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE.