In re Randall E. ANDERSON, Chong S. Anderson, Debtors.

Larry ASLAKSON, Plaintiff,

v.

Randall E. ANDERSON, Defendant.

Bankruptcy No. EF7–84–00887
Adv. No. 84–0190–7.

United States Bankruptcy Court,
W.D. Wisconsin.

Nov. 20, 1984.

Eugene J. La Fave, Adler & La Fave, Eau Claire, Wis., for plaintiff.

James T. Remington, Remington Law Offices, New Richmond, Wis., for defendant.

FINDINGS OF FACT, CONCLUSION OF LAW AND ORDER FOR AN EVIDENTIARY HEARING REGARDING DISCHARGEABILITY

WILLIAM H. FRAWLEY, Bankruptcy Judge.

■ Plaintiff Larry Aslakson, by Adler and La Fave, having filed a Complaint to Determine Dischargeability of Debt; and Defendant Randall E. Anderson, by Remington Law Offices, having filed an Answer; and a pre-trial conference having been held; and the Plaintiff appearing by Attorney Eugene J. La Fave; and the Defendant appearing by Attorney James T. Remington; and the question of the preclusive effect of a state court judgment having arisen; and the matter being briefed; the Court, being fully advised in the premises, FINDS THAT:

1. On or about March 5, 1984, the Hon. John G. Bartholomew entered the following Judgment:

In this cause, the plaintiff [Larry Aslakson] appearing in person and by his attorney, Gilbert, Mudge & Porter by Robert W. Mudge, being in Court, and the defendants, Randall E. Anderson and Walter L. Anderson, appearing without counsel, in open court, consent that a judgment be entered against said defendants, Andersons, in favor of the plaintiff for the intentional tort of battery against

said plaintiff by said defendants, Andersons, along with punitive damages stemming from said intentional tort of battery in the sum of Thirty Thousand and no/100 ($30,000.00) Dollars, without costs, which sum will be a joint and several.obligation of the defendants;

THEREFORE, IT IS ORDERED AND ADJUDGED that the plaintiff recover against the defendants his damages aforesaid, without costs NUNC PRO TUNC February 27, 1984.

*Aslakson v. Anderson, et al.,* 81CV274 (Circuit Court for St. Croix County, Wisconsin).

2. On May 4, 1984, Randall E. and Chong S. Anderson filed for relief under Chapter 7 of the Bankruptcy Code. The St. Croix County judgment was listed as a disputed, unsecured claim.

3. On August 6, 1984, Larry Aslakson (Plaintiff) filed a Complaint praying that this Court determine the debt allegedly owed to him by Randall E. Anderson (Debtor) is nondischargeable under 11 U.S.C. sec. 523(a)(6).

4. On August 21, 1984, the Debtor filed an Answer requesting, *inter alia,* that—in the event that the debt be determined nondischargeable—this Court determine the amount of the debt.

5. Section 523(a)(6) provides that any debt "for willful and malicious injury by the debtor" is nondischargeable.

6. *Preclusive Effect of State Court Judgment.* The case of *In re Goodman,* 25 B.R. 932 (Bankr.N.D.Ill.1982), contains an enlightened and enlightening discussion of the applicability of full, faith and credit, res judicata and collateral estoppel doctrines in dischargeability matters.

7. Neither full, faith and credit nor res judicata bar independent bankruptcy court consideration of the issues raised in a dischargeability proceeding. *Id.*

8. However, the operation of the doctrine of collateral estoppel may operate to preclude relitigation of issues actually and necessarily decided in a prior action. *Id.;*

*In re Lombard,* 739 F.2d 499 (10th Cir. 1984); *Spilman v. Harley,* 656 F.2d 224 (6th Cir.1981); *contra In re Good,* 33 B.R. 163 (Bankr.M.D.Fla.1983); *see Spilman, ante,* at 227 (cases collected).

9.

The doctrine of collateral estoppel precludes relitigation of issues actually and necessarily decided in a prior action. *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). It can only be applied to subsequent actions when (1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party or in privity with a party to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

*Lombard,* Paragraph 8 *supra,* at 502 (10th Cir.1984) (citations omitted); *see Goodman,* Paragraph 6 *supra,* at 939.

10. Assuming that issues decided in the state court proceeding are identical with issues before this Court, *see In re Chambers,* 23 B.R. 206, 210 (Bankr.W.D.Wis. 1982) ("willful and malicious" defined), is a consent judgment an adjudication on the merits?

11. A default judgment is not an adjudication on the merits for collateral estoppel purposes because it is not the result of actual litigation. *Spilman,* Paragraph 8 *supra,* at 228 *In re Capparelli,* 33 B.R. 360, 363 (Bankr.S.D.N.Y.1983); *Goodman,* Paragraph 6 *supra,* at 939.

12. The same reasoning is applicable to a consent judgment. *Cf. In re Graziano,* 35 B.R. 589, 595 (Bankr.E.D.N.Y.1983) (plea bargain prior to presentation of prosecutor's case is not litigation of factual issues).

13. Accordingly, the Plaintiff's consent judgment is not preclusive[1] evidence that the debt allegedly owed[2] to the Plaintiff stems from the intentional tort of battery or is for a willful and malicious injury.

14. Even if a consent judgment could provide grounds to collaterally estop litigation, it is not clear that the Plaintiff's judgment would be sufficient. *Compare In re Davis*, 18 B.R. 301, 305 (Bankr.D.Kan.1982) (collateral estoppel applied where judgment included detailed findings of fact and conclusions of law), *with In re Gilbride*, 32 B.R. 75, 76 (Bankr.S.D.Fla.1983) (collateral estoppel not applied where judgment recites only legal conclusions).

15. *Damages.* This Court has exclusive jurisdiction to determine the extent to which a debt is nondischargeable under Section 523(a)(6). 11 U.S.C. sec. 523(c); *see In re Ries*, 22 B.R. 343, 348 (Bankr.W.D. Wis.1982) (only the part of a debt which is for willful and malicious injury is nondischargeable).

### CONCLUSION OF LAW

An evidentiary hearing should be held to determine the amount and dischargeability of the alleged Aslakson debt.

### ORDER

IT IS THEREFORE ORDERED THAT an evidentiary hearing be held to determine the dischargeability of the debt that Randall E. Anderson allegedly owes to Larry Aslakson.

---

[1]. Although not preclusive, the Plaintiff's judgment may be received as evidence at trial. *Capparelli,* Paragraph 11 *supra.*

---

[2]. Section 502 becomes relevant to a Chapter 7 proceeding only when there are sufficient assets for the Trustee to pay a dividend, *see* Fed.R. Bankr.P. 3002(c) & 3007, this is not such a case.