In re R. Michael SHEAHAN, Debtor.

Linda and Norton
HOFFMAN, Plaintiffs,

v.

R. Michael SHEAHAN, Defendant.

Bankruptcy No. 86–01085–BKC–JJB.
Adv. No. 86–0284–BKC–JJB.
United States Bankruptcy Court,
E.D. Missouri, E.D.

June 28, 1988.

Richard Alan Cooper, David O. Danis, St. Louis, Mo., for defendant/debtor.

Carla K. Evans, St. Louis, Mo., for plaintiffs.

Stuart J. Radloff, Clayton, Mo., trustee.

## MEMORANDUM OPINION

JAMES J. BARTA, Chief Judge.

The matter being considered here is the Plaintiff's motion for summary judgment. The underlying Complaint requests a determination that a debt is not dischargeable as having been based upon the Debtor's alleged false pretenses, false representations or actual fraud, pursuant to 11 U.S.C. § 523(a)(2)(A). The Complaint also requests non-dischargeability based on the Debtor's alleged willful and malicious conduct pursuant to 11 U.S.C. § 523(a)(6).[1]

The initial inquiry must address the appropriateness of summary judgment in this matter.

The standard by which courts in this Circuit analyze a motion for summary judgment is well defined. Summary judgment is an extreme remedy which should be applied only in the clearest of cases. The movant must be entitled to the relief as a matter of law and it is appropriate only where there are no material issues of fact remaining to be determined. *Poolman v. Nelson*, 802 F.2d 304 (8th Cir.1986).

The principal evidence submitted with this motion relates to a default judgment taken in the Circuit Court of the City of St. Louis in an action by the Movant/Plaintiffs against the Debtor and various business

---

**1.** Although the Complaint contains an additional reference to 11 U.S.C. § 727, the Prayer refers only to dischargeability under Section 523. This matter shall proceed as a request for relief under Section 523 only.

entities. The Count upon which judgment was entered in favor of the Plaintiffs asserts a claim for fraud. The acts of the Defendant are alleged to have been willful, wanton and malicious, and thus, a punitive damage award was requested.

The matter apparently arises out of the Hoffmans' purchase of an automobile from the Debtor's employer or principal. The suit alleges that the automobile was not owned by the Defendant but by a bank.

As no answer was filed in the Circuit Court, a "default and inquiry" was set for hearing. At that hearing, Mrs. Hoffman testified with regard to the purchase of the vehicle and subsequent efforts to obtain the title. At some point, the Hoffmans hired an attorney to assist them in obtaining title. According to the testimony, the Hoffmans later discovered the title to the vehicle was held by Boatmen's Bank. Based upon the testimony, the Court entered a money judgment for actual and punitive damages against all defendants including the Debtor. The actual damages have been paid. All that remains are the punitive damages. Plaintiffs now seek a determination that these are non-dischargeable.

The inquiry must consider whether this Court is collaterally estopped from determining whether the acts of the Debtor were willful and malicious, and from determining whether the debt arises out of fraud.

▪ The recognized elements of collateral estoppel are:

(1) The issue sought to be precluded must be the same issue as that involved in the prior action;

(2) the issue must have been actually litigated;

(3) that issue must have been determined by a valid and final judgment; and

(4) the determination must have been essential to the final judgment.

*In re Goodman,* 25 B.R. 932, 939 (Bkrtcy. N.D.Ill.1982).

As in *Goodman,* the judgment at issue here was obtained by default. Consequently, the second element has not been met, in

that, the issues therein were not *actually litigated.* Therefore, the Bankruptcy Court is not prevented by the doctrine of collateral estoppel from examining the issues presented by this complaint to determine dischargeability.

▪ The Court must next proceed to examine the record in the context of the Plaintiffs' request for summary judgment. Upon a review of the testimony offered in the Circuit Court, and the affidavits filed in support of this motion, the request for summary judgment must be denied.

To succeed in an action under § 523(a)(2)(A) the creditor must prove the following elements:

(1) that the debtor made false representations;

(2) that at the time made, the debtor knew them to be false;

(3) that the representations were made with the intention and purpose of deceiving the creditor;

(4) that the creditor reasonably relied on the representations; and,

(5) that the creditor sustained the alleged injury as a proximate result of the representations having been made.

*Matter of Van Horne,* 823 F.2d 1285 (8th Cir.1987).

This record provides no evidence that the Debtor knew that the representations with regard to the title to the automobile were false. Nor is there conclusive evidence of the Debtor's intent to deceive. Although such conclusions may be drawn from the totality of evidence in a given case, and the intent may be inferred, the scant testimony offered at the default hearing does not support this motion for summary judgment. See *Matter of Van Horne, supra.* In the matter here, there remain material issues of fact which are necessary to this Court's determination of whether the debt is non-dischargeable under § 523(a)(2)(A).

▪ Further, the testimony and affidavit do not present grounds for concluding that the Defendant's acts were willful and malicious. To make a case for a determination of non-dischargeability under Section 523(a)(6) of the Bankruptcy Code, it is nec-

essary to show a subjective, conscious intent to injure the other person or his property. *Matter of Weathers*, 40 B.R. 634, 638 (Bkrtcy.W.D.Mo.1984). There has been no evidence of intent to injure and, thus, summary judgment is inapplicable.

For the reasons set forth above, the Motion for Summary Judgment filed on behalf of the Plaintiffs in their adversary action shall be denied by separate Order of this Court.