**In re Timothy Michael JUDGE and Cathy Jane Judge, Debtors.**

**ITT CONSUMER FINANCIAL CORP., d/b/a ITT Financial Services, Plaintiff,**

v.

**Timothy Michael JUDGE and Cathy Jane Judge, Defendants.**

Bankruptcy No. 88–02403–DPM.
Adv. No. 88–0262(2).

United States Bankruptcy Court, E.D. Missouri, E.D.

April 6, 1989.

Jack J. Gilbert, Clayton, Mo., for plaintiff.

Howard N. Neuman, St. Louis, Mo., for defendants.

James S. Cole, Asst. U.S. Trustee, St. Louis, Mo.

## ORDER

DAVID P. McDONALD, Bankruptcy Judge.

### BACKGROUND

On August 8, 1987, Timothy and Cathy Judge entered into a loan agreement with ITT Consumer Financial Corp., d/b/a ITT Financial Services ("ITT"). The loan was for 36 months, with monthly payments of $135.00 for a total indebtedness of $4,680.00. On August 31, 1987, Cathy Judge delivered a check dated September 1, 1987 for $3,001.31 representing the first loan payment due September 6, 1987. The check was tendered by ITT on September 2, 1987 and again on November 9, 1987. It was returned by the Judges' bank both times due to insufficient funds, but the parties have stipulated there were sufficient funds in the Judges' account on September 3, 1987.

The Debtors filed bankruptcy under Chapter 7 of the U.S. Bankruptcy Code in

the Eastern District of Missouri on July 21, 1988.

Plaintiff, ITT Consumer Financial Corp., filed its Complaint on October 24, 1988 requesting a determination that the Debtors' debt to them be declared nondischargeable under 11 U.S.C. § 523(a)(2)(A) and/or 11 U.S.C. § 523(a)(6).

On November 4, 1988, ITT amended its Complaint. ITT then filed a Motion For Summary Judgment and a Brief In Support on November 17, 1988, followed by a Second Amended Complaint on November 22, 1988. The parties filed a Joint Stipulation of Facts and a hearing on the summary judgment issue was held on December 8, 1988.

JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(I), which the Court may hear and determine.

DISCUSSION

Bankruptcy Rule 7056 Summary Judgment provides that Rule 56 of the Federal Rules of Civil Procedure applies in bankruptcy adversary proceedings. The standard set out in Rule 56, F.R.Civ.P., is that summary judgment will be granted when there is no genuine issue as to any material fact. *See, City of Mount Pleasant, Iowa v. Associated Electric Cooperative, Incorporated,* 838 F.2d 268 (8th Cir.1988), and *In re Sheahan,* 87 B.R. 67 (Bankr.E.D.Mo. 1988).

Plaintiff's Complaint contains two counts and each asks that the debt be declared nondischargeable. It is difficult to ascertain under which count Plaintiff brings his Motion For Summary Judgment, so the Court will address both. In order to prevail on the summary judgment motion for either count, ITT has the same burden of proving the essential elements set out in the Code, as if the case went to trial. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1985).

Count I alleges that the Debtors should not be discharged from their debt to ITT pursuant to § 523(a)(6), which provides for exception to the discharge of any debt "for willful and malicious injury by the debtor to another entity or the property of another entity." To sustain an action under Section 523(a)(6), there must be a showing of both an intentional act and an intent to injure. *In re Long,* 774 F.2d 875 (8th Cir.1985). As it pertains to this Motion For Summary Judgment, ITT fails to prove either on the part of the Debtors.

To be willful, there must be a "showing that a debtor acted intentionally to bring about the injury." *In re Burgstaler,* 58 B.R. 508, 515 (Bankr.D.Minn.1986). Although it is clear the Judges deliberately delivered the check, ITT makes no showing that the Debtors knew there were insufficient funds when they delivered the check. Even if the Court imputed to the Judges the intent to write a bad check, there is no evidence of any malice on the part of the Judges "targeted" at injuring ITT. *In re Long, supra* at 881; *see also C.I.T. Financial Services, Inc. v. Posta,* 866 F.2d 364 (10th Cir., 1989). Therefore, summary judgment is not appropriate for Count I.

The second count of ITT's Complaint uses Section 523(a)(2)(A) to challenge the dischargeability of the debt. Section 523(a)(2)(A) excepts from discharge any debt for "money, property, services, ... to the extent obtained by false pretenses, a false representation, or actual fraud...." In order to grant summary judgment on this count, ITT must prove all the elements set forth in Section 523(a)(2)(A). The court in *In re Burgstaler, supra* at 512, outlined the necessary elements of § 523(a)(2)(A) as follows:

(1) The obtaining of money, property, services, or an extension, renewal, or refinance of credit by a debtor;

(2) using a false representation pertaining to a past or present fact,

(3) with knowledge of the representation's falsity or its assertion as fact and reckless disregard for truth or falsity;

(4) and an intention to deceive the other party or to induce the other party to act upon the representation;

(5) reasonable reliance by the creditor upon the misrepresentation, and

(6) resultant detriment to the creditor.

Again, ITT fails to present any evidence to show the Judges knew the check would bounce or that they intended to deceive ITT, elements 3 and 4 listed above. The delivery of an NSF check "without more does not constitute an actionable representation under Section 523(a)(2)(A)." *In re Tuggle*, 86 B.R. 612, 615 (Bankr.E.D.Mo. 1988). *See also, Williams v. United States*, 458 U.S. 279, 102 S.Ct. 3088, 73 L.Ed.2d 767 (1982), *In re Burgstaler, supra*. In addition, the parties stipulated that there were sufficient funds in the Judges' account on September 3, 1987, which would tend to negate any inference that the Judges acted fraudulently.

Because ITT fails to establish either a misrepresentation or the requisite intent to deceive, summary judgment on the second count of Plaintiff's Complaint is DENIED.

For these reasons, it is

ORDERED that ITT'S Motion For Summary Judgment be DENIED for failure to establish the lack of any genuine issues as to any material fact. This cause will be set for trial on April 24, 1989 at 10:00 a.m. in U.S. Bankruptcy Courtroom No. 2, 7th Floor, U.S. Court House, 1114 Market Street, St. Louis, Missouri.