In the Matter of **OXFORD INVESTMENT COMPANY**, a corporation, Debtor.

In the Matter of Eugene **B. WOLPERT**, Debtor.

Nos. 13358, 14580.

United States District Court
S. D. California, N. D.

Oct. 11, 1965.

Barrett, Wagner & Dietrich, James Wagner, Fresno, Cal., for petitioners.

Lerrigo, Thuesen & Thompson, Frank C. Lerrigo, Fresno, Cal., for debtors.

CROCKER, District Judge.

This case is before the court upon the petition of judgment lien creditors to review the order of the Referee in Bankruptcy cutting off the running of interest on the judgment debt as of the date of filing a petition under Chapter XI Arrangement.

The appellants have a judgment in the Superior Court of the State of California, in and for the County of Fresno, for fraud and misrepresentations of the bankrupt Oxford Investment Company and Eugene B. Wolpert, individually. Said judgment was entered on December 19, 1961, in the amount of $73,056.94. Shortly after the entry of judgment, Oxford Investment Company filed a petition under Chapter XI of the Bankruptcy Act on January 4, 1962, and Eugene B. Wolpert filed a petition under Chapter XI on December 10, 1962. Appellants' petition is for a review of the Referee's Order of June 16, 1965, which, as relevant to this review, ordered that the debtors in the Chapter XI proceed-

ings were entitled to procure a full satisfaction of the judgment upon payment of the principal sum of the judgment together with interest to the date of filing in Chapter XI, and that the debtors would not legally thereafter be obligated to pay interest from the post-petition date to the date of payment whenever that may be.

Appellants seek to have this court determine that they are entitled to post-petition interest accruing on the judgment lien, total satisfaction to be paid out of remaining assets after satisfaction of the creditors under the plan of arrangement. In addition, appellants seek to have this court determine that the judgment obligation survives bankruptcy as a personal obligation if not satisfied with assets after the plan of arrangement. Appellants do not seek to participate in the arrangement. Appellants merely seek to have their rights to the interest asserted and avoid being precluded from asserting such rights in the event the estate, after completion of the plan of arrangement, should prove solvent, or that the debtor individually proves sufficiently solvent to pay a just debt.

Debtors contend that the holders of a non-dischargeable judgment are not entitled to recover post-petition interest on their judgment from debtors in a Chapter XI proceeding. Appellees cited cases following the general rule established in Saper v. City of New York, 2 Cir., 168 F.2d 268, where the court, in United States v. Harrington, 4 Cir., 269 F.2d 719, stated: "It has long been an established principle in bankruptcy and other insolvency proceedings that interest upon claims stops with the initiation of the proceedings." In Thomas v. Western Car Company, 149 U.S. 95, 116, 13 S.Ct. 824, 833, 37 L.Ed. 663, the Supreme Court said: " * * * As a general rule, after property of an insolvent passes into the hands of a receiver or of an assignee in insolvency, interest is not allowed on the claims against the funds. The delay in distribution is the act of the law; it is

a necessary incident to the settlement of the estate. * * * "

The courts are unanimous in denying post-petition interest on non-dischargeable debts out of the assets in the hands of a trustee in bankruptcy, as distinguished from personal action after bankruptcy has been completed against the individual. The court here is not deciding merely the general rule as stated in the Saper case, supra, but must address itself to the real issue, to wit, whether post-petition interest may survive a bankruptcy proceeding as against a non-dischargeable debtor.

The questions before this court are whether appellants are entitled to interest to date of payment on a judgment not dischargeable in bankruptcy due to debtors' own fraud, and whether such judgment, non-dischargeable in bankruptcy, may survive the proceeding as a personal obligation of the debtor. There being no cases decisive of the issues in this case, it is important to consider the issues jointly.

Appellants obtained a judgment in the State Court of California for debtors' fraudulent misrepresentations. Such debts are specifically excluded as dischargeable by Section 17 of the Bankruptcy Act which provides in relevant part: "A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as * * * (2) are liabilities for obtaining money or property by false pretenses or false representations * * *." 11 U.S.C.A. § 35.

Though one main purpose of the Bankruptcy Act is to let an honest debtor begin his financial life anew, Congress intended that personal liability for unpaid debts (non-dischargeable debts) should survive bankruptcy. Bankruptcy Act, § 17. Appellants contend that they are entitled to interest to date of payment and not to date of filing, as ordered by the Referee. Post-petition interest on an unpaid debt which is not discharged in bankruptcy proceedings remains, after bankruptcy, the personal liability of the

debtor. Congress intended that the honest debtor be exonerated in bankruptcy— not the dishonest. The Supreme Court in Bruning v. United States, 376 U.S. 358, 84 S.Ct. 906, 11 L.Ed.2d 772, construing Section 17 of the Bankruptcy Act, which was appellant's sole authority, held that debtors "remained personally liable for post-petition interest on the tax debt * * *. Initially, one would assume that Congress, in providing that a certain type of debt should survive bankruptcy proceedings as a personal liability of the debtor, intended personal liability to continue as to the interest on that debt as well as to its principal amount. Thus, it has never been seriously suggested that a creditor whose claim is not provable against the trustee in bankruptcy loses his right to interest in a post-bankruptcy action brought against the debtor personally. In most situations, interest is considered to be the cost of the use of the amounts owing a creditor and an incentive to prompt repayment and, thus, an integral part of a continuing debt."

█ Debtors contend that the general rule has application in the instant case and that, therefore, appellants are not entitled to interest from date of filing to date of payment of the debt. Generally, interest on a debtor's obligations, secured and unsecured, ceases to accrue at the beginning of the proceedings.

█ In the Bruning case, supra, the court cited with approval Tredegar Co. v. Seaboard Air Line Ry., 4 Cir., 183 F. 289, wherein the purpose of the application of the general rule was for the "avoidance of unfairness as between competing creditors and the avoidance of administrative inconvenience." The principle that interest stops running from the date of the filing of the petition should be understood as a rule of liquidation practice rather than as a rule of substantive law. 3 Collier on Bankruptcy (14th Ed. 1961) 1858. In the Tredegar case, supra, the court stated as to the general rule, "But that rule did not prevent the running of interest during the receivership; and if, as a result of good fortune or good management, the estate proved sufficient to discharge the claims in full, interest as well as principal should be paid." The relevant section of the Bankruptcy Act is not a compassionate provision and should not be so construed, nor is the general rule, for it is not concerned with protecting the bankrupt, but rather, the interest of the creditors.

█ In the instant case, appellants are not seeking to interfere with the plan of arrangement, nor may anything herein be construed to permit them such a right. What appellants seek, and rightly so, is the right to interest to date of payment of the non-dischargeable debt, and that they are entitled to surplus after the arrangement to the extent of the total debt. If not satisfied after the arrangement, appellants are entitled to seek this integral portion of a continuing debt even as against the debtors personally for the debt is not dischargeable and the debtors, therefore, are not exonerated from this total obligation. This court cannot use the long arm of equity to shield one of the consequences of one's own wrongful acts. Nor is this court permitted to discharge an integral portion of a non-dischargeable debt which is a continuing debt under Section 17, sub. a (2) of the Bankruptcy Act. While the results of this case seem harsh to the debtors, this court cannot conceive nor find authority to support the proposition that a debtor can be exonerated from the payment of interest on a non-dischargeable debt, where such debt arose from fraud of the debtors. He who seeks equity must do equity. To hold otherwise would be contrary to all equitable considerations, and would permit one to not suffer the folly of its own fraudulent acts which are specifically exempted as capable of being discharged in bankruptcy.

█ In conclusion, the general rule should be applied in this instant case as a matter of convenience in carrying out the plan of arrangement. However, the running of the interest is to be suspended only as a matter of convenience in liquidating the estate. Should the estate have assets sufficient to pay after

adjudication, then, in that event, it is ordered to pay interest to date of payment. Should the estate prove insolvent on adjudication, the debtor, Eugene B. Wolpert, is ordered to pay the post-petition interest personally as the debt is not dischargeable in bankruptcy and personal liability continues as an ordinary debt.

It is therefore ordered that the Referee's Order of June 16, 1965, be, and the same is hereby, reversed.

Counsel for appellants is directed to prepare and lodge findings of fact, conclusions of law and form of judgment in accordance with Local Rule 7.