In the Matter of John P. DOHM and Ingrid Dohm, Debtors.

USLIFE TITLE INSURANCE COMPANY OF NEW YORK, Plaintiff,

v.

J. Patrick DOHM, Defendant.

Bankruptcy No. 81 B 00252.
Adv. No. 81 A 0108.

United States Bankruptcy Court,
N. D. Illinois, W. D.

Aug. 13, 1981.

Michael O'Brien, Rockford, Ill., for US-Life Title Ins. Co. of N. Y.

David Shair, Rockford, Ill., for Dohm.

## MEMORANDUM OPINION

RICHARD N. DeGUNTHER, Bankruptcy Judge.

This matter came before the Court for oral argument on the Motion of the Plaintiff, USLife Title Insurance Company of New York, for Summary Judgment as to Count I of its Dischargeability Complaint against the Debtor, J. Patrick Dohm. Attorney Michael O'Brien represents USLife and Attorney David Shair represents Dohm.

## BACKGROUND

On April 11, 1980, USLife filed a civil action against Dohm, seeking to recover $226,000. (Exhibit # 1)

On April 17, 1980, Dohm filed a Petition for Relief under Chapter 13 of the Bankruptcy Code, thereby staying the civil action of USLife. On September 11, 1980, Dohm's Chapter 13 case was dismissed.

Thereafter, the civil action was resumed with certain motions, hearings and pleadings. Dohm was represented at this time by Attorney Robert Roman, Jr., as he had been during the Chapter 13 proceedings. On November 21, 1980, a judgment for "Wilful and Malicious Embezzlement" in the amount of $203,025.27 was entered in favor of USLife and against Dohm.

## QUESTION

The question, essentially, is whether the Court may find Dohm's judgment non-dischargeable in bankruptcy based solely on the record of the state court proceedings.

## ANALYSIS

The issue raised here takes this Court back over familiar ground. Previously, this Court had allowed a Motion for Summary Judgment in the *Rees* case cited by counsel. The District Court affirmed. Thereafter, *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 was decided by the U. S. Supreme Court and a rehearing of the *Rees'* appeal was granted by the District Court, which then reversed both itself and this Court and granted Rees a new trial on the dischargeability issue.

*Brown v. Felsen* holds that a bankruptcy court *may* look behind a state court judgment in determining dischargeability. In the first sentence of the Opinion, Mr. Justice Blackmun states "The issue here is whether a bankruptcy court may consider evidence extrinsic to the judgment and record of a prior state suit when determining whether a debt previously reduced to judgment is dischargeable . . .". No one, surely, quarrels with the unanimous decision of the U. S. Supreme Court that a bankruptcy court may do so.

■ But *Brown v. Felsen* does not hold that a bankruptcy court *must* look behind a state court judgment. Where a state court judgment is obtained fairly by the plaintiff; and where due process is accorded at all times to the defendant; and where the complaint and judgment order are unambiguous that the judgment debt is of a non-dischargeable nature, the court may find on the basis of the evidence of the state court proceedings that the debt is non-dischargeable.

Counsel for Dohm argues that new facts could be raised at retrial. Indeed, it would be hard to find any law suit, even the most perfectly defended one, where counsel for an unsuccessful defendant could not think of new facts and arguments that might have been raised or different procedures that might have been taken. That sort of argument should be construed very strictly against the debtor.

■ When a debtor comes into bankruptcy court he brings with him a bundle of fixed rights and liabilities, generally keyed to the date of filing. Dohm comes to this Bankruptcy Court as a debtor with a $203,025.27 judgment against him for wilful and malicious embezzlement. That judgment exists. It is there. It was obtained fairly by USLife during the interval when Dohm

ceased being a Chapter 13 debtor and became a Chapter 7 debtor. Dohm was at all times accorded due process. The civil complaint alleges facts and the judgment order recites findings that bring the judgment squarely within the non-dischargeable provisions of Section 523(a)(4) of the Bankruptcy Code.

The bankruptcy courts are available to give the honest debtor a fresh start. They should not be available to provide an unhappy litigant a second forum to relitigate lost issues.