**In the Matter of LIFE SCIENCE CHURCH OF RIVER PARK, Debtor.**

**LIFE SCIENCE CHURCH OF RIVER PARK, Plaintiff,**

v.

**James E. PERSONETTE, Karen L. Personette, Defendants.**

**Bankruptcy No. 82–30782.**

**Adv. No. 82–3181.**

United States Bankruptcy Court, N.D. Indiana, South Bend Division.

Nov. 2, 1983.

Gerald Y. Sakaguchi, South Bend, Ind., for debtor.

Jere L. Humphrey, Plymouth, Ind., for defendants.

### ORDER

ROBERT K. RODIBAUGH, Bankruptcy Judge.

On November 3, 1982, debtor Life Science Church of River Park, also known as Troyer's Pool 'N Patio Place, Division of Life Science Church of River Park, an unincorporated religious organization, initiated an adversary proceeding against James E. and Karen L. Personette, creditors, by filing a complaint to seek determination of the va-

lidity of creditors' claim against the debtor Church. Defendant/creditors filed a motion to dismiss the complaint.[1] The parties agreeing that no further oral testimony was required and that this matter could be decided upon the pleadings, record of state court case, exhibits, and briefs to be filed by each of the parties, the court took the matter under advisement on September 27, 1983.

The debtor's adversary complaint refers to a judgment rendered in state court against the Church's minister, Emmett Troyer, individually.[2] The Church asserts that the creditors have no claim against it, since the Church was not a defendant or proper party respondent in the original state proceeding.

The creditors claim that their right to enforce the state court judgment by execution upon the property of the debtor church is based upon the state court's determination that Emmett Troyer's transfer of all his personal and business assets to the Church was a fraudulent conveyance.

The debtor Church acknowledged the state court judgment against Emmett Troyer d/b/a Troyer's Pool 'N Patio, but alleged that the Church itself had never been sued, served with a petition to set aside fraudulent conveyances, or found by a court to have been in breach of contract.

The issue in this case is the effect on this Court of a non-bankruptcy court judgment rendered against the Church minister personally before the debtor Church's bankruptcy case commenced.

This issue has usually arisen when a creditor seeks a court's consideration of the dischargeability of a debtor's debt to creditor. In the present case, however, the debtor itself is in the offensive position, questioning the creditors' right to claim a debt against it.

The ruling of the United States Supreme Court on this issue as it relates to dischargeability of a debt is equally appropriate to the case at bar. In its decision *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979), the Court held that a bankruptcy court may review the judgment, record, and even extrinsic evidence in prior state court proceedings. *Id.* at 138–139, 99 S.Ct. at 2213. Furthermore, when the allegation is fraud, deceit, or malicious conversion, if the state court determined factual issues using the standards presented under section 17 of the Bankruptcy Act [section 523(a) of the Bankruptcy Code], "... then collateral estoppel, in the absence of countervailing statutory policy, would bar relitigation of those issues in the bankruptcy court." *Id.* at 139 n. 10, 99 S.Ct. at 2213 n. 10.

This Court has examined the state court proceedings and, in considering application of the doctrine of collateral estoppel, has compared that court's determination of fraudulent conveyance with the criteria established under the Bankruptcy Code. We then addressed the effect of the automatic stay upon the prior circuit court judgment, and have concluded that the creditors' claim is valid, and that the doctrine of collateral estoppel will bar relitigation of the state court's determinations.

### 1. State Court Proceedings

The non-bankruptcy case in question was begun on January 29, 1980, in Starke Circuit Court. Plaintiffs James E. and Karen L. Personette filed a complaint for breach of contract against Emmett Troyer d/b/a Troyer's Pool 'N Patio. On April 22, 1981, the court awarded plaintiffs damages of $5,120.00 from Troyer for the repair of their pool.

---

1. The December 15, 1982, order of this Court stated: "Motion to dismiss will be submitted on stipulation and briefs of parties and they are now given 30 days to file such stipulations." Parties were unable to agree upon stipulations, and each party filed its own statement of facts in lieu of a brief. The motion to dismiss was not submitted. The court therefore finds now that the motion to dismiss is moot.

2. Personette v. Troyer d/b/a Troyer's Pool 'N Patio, Cause No. 80–38, Starke Circuit Court, Knox, Indiana.

Several proceedings supplemental followed. On November 13, 1981, the Starke Circuit court found

> that the defendant continues to operate said business as Troyer's Pool 'N Patio and that he has attempted to transfer all his personal and business assets to the Life Science Church. The Court further finds that he has total complete access to any of said funds and assets and that he uses said funds and assets for all his own personal family and business expenses. The Court further finds that said transferring and using of said funds and assets operates as fraud on the defendant's creditors.

Starke Circuit Court Docket, Cause No. 80–38, entry 11/13/81.

Later hearings were held on motions by defendant Emmett Troyer and by his wife Carol Troyer as President of Life Science Church of River Park, intervening to represent the interests of the Church. On June 25, 1982, the state court granted the plaintiffs' petition to set aside Emmett Troyer's transfer of all his personal, family, and business assets to the Life Science Church on grounds of fraud.

The defendant Emmett Troyer and intervenor Carol Troyer/Life Science Church then filed additional motions. On July 22, 1982, the court stayed all proceedings against the Church until disposition of the motion to correct errors. However, a proviso was attached to that stay:

> provided the Life Science Church at River Park file herein its bond with surety to be approved by the Court on or before July 26, 1982, at 4:00 p.m. in the amount of $7,000.00, condition for the satisfaction of the judgment in full, with costs, interest, and damages for delay, or for satisfaction of the judgment as it may be modified upon determination of the Motion.

Starke Circuit Court Docket, Cause No. 80–38, entry 7/22/82.

The Life Science Church did not file bond. At 3:34 p.m., on July 26, 1982, Life Science Church of River Park, by Carol L.

Troyer, President, filed its petition under Chapter 13 of the Bankruptcy Code.

### 2. Collateral Estoppel

The common law doctrine of collateral estoppel prevents duplicative litigation and encourages the finality of justice.

> It holds, essentially, that once issues of fact and law between opposing parties have been fully and fairly litigated and substantially adjudicated, those parties should be estopped from relitigating those issues before another court.

In re Davis, 23 B.R. 639, 640 (Bkrtcy.W.D. Ky.1982).

In bankruptcy cases collateral estoppel has been used primarily to determine dischargeability of a debt under section 523 of the Bankruptcy Code. The Brown v. Felsen decision of the Supreme Court (Brown v. Felsen, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979)) considered the doctrine of res judicata directly and of collateral estoppel tangentially. It did not determine what collateral effect would be given pre-bankruptcy decisions. No Seventh Circuit case has resolved the issue, but the U.S. District Court for the Northern District of Illinois fully discussed the appropriate use of collateral estoppel in determining nondischargeability of a state court judgment. United States Life Title Insurance Company v. Dohm, 19 B.R. 134 (D.C.Ill.1982).

The circumstances in U.S. Life are similar to those herein. An Illinois circuit court granted summary judgment to U.S. Life for Dohm's willful and malicious embezzlement of company funds. Matter of Dohm, 19 B.R. 132 (Bkrtcy.N.D.Ill.1981). The company attempted to collect on the judgment until Dohm filed a petition in bankruptcy. At that point U.S. Life filed a complaint in the bankruptcy court to determine whether Dohm's debt to U.S. Life was dischargeable, and then filed a motion for summary judgment based on the collateral estoppel effect of the circuit court judgment. The bankruptcy court granted the motion for summary judgment. U.S. Life Title Ins. Co., supra, at 135–6.

The District Court affirmed, following the criteria established by the Third Circuit in testing the proper application of the doctrine of collateral estoppel:

1. The issues sought to be precluded must be the same as that involved in the prior action;

2. The issue must have been actually litigated;

3. It must have been determined by valid and final judgment;

4. The determination must have been essential to the prior judgment.

*In re McMillan,* 579 F.2d 289, 291–92 (3d Cir.1978); *Matter of Ross,* 602 F.2d 604, 608 (3d Cir.1979).

*Id.* at 137. These criteria were applied to the facts of the case presently at bar; the four conditions have been met.

First, the issue sought to be precluded is creditors' "claim through a state court action ... [of] a lien and right to enforce a judgment against this debtor which was rendered ... against Emmett Troyer personally ... by execution upon this debtor." Adversary Complaint, filed in this court November 3, 1982. This was the issue involved in the prior state action. The Proceedings Supplemental to the original judgment against Emmett Troyer concerned creditors' right to execution of the judgment upon the Church as a result of the fraudulent transfer of Troyer's assets into the possession of the Church. Count two of Plaintiff's Petition to Set Aside Fraudulent Transfers (filed in Starke Circuit Court February 17, 1982) alleged that the defendant Emmett Troyer

made fraudulent conveyances to the Life Science Church, which transfers were made without consideration and which works the fundamental purpose of defrauding plaintiffs of the collection of damages.

The Starke Circuit Court granted the petition and found that the nonexempt assets of Life Science Church could be used to satisfy the judgment. Starke Circuit Court Docket, Cause No. 80–38, entry 7/2/82.

Second, the issue was actively litigated. Trial on the original complaint was held for two days. At its conclusion the court indicated its feelings and took the cause under advisement to allow the parties to work out a judgment under the guidelines of the Court; it presented its findings and order four months later. In the Proceedings Supplemental, evidence of the active litigation is seen clearly on the Starke Circuit Court Docket, which lists approximately three pages of entries of motions, hearings, and the minutes of the court on proceedings concerning the issue above. Both the defendant Emmett Troyer and intervenor party Life Science Church were given full opportunity to present arguments on motions to quash and suppress subpoenas, writ of execution, and summons; motions for change of venue, for substitution of judges, for stay, for extension of time; and motion to vacate proceedings. Clearly due process has been fully and fairly accorded to the defendant and intervenor party Church.

Third, the judgment in state court was a valid and final judgment. No appeal was brought to challenge the judgment.[3]

Fourth, the determination that the defendant fraudulently transferred his personal and business assets into the possession of the debtor church was essential to the state court judgment. On November 13, 1981, the state court found that the defendant transferred all his personal and business assets to the Life Science Church, and his continued use of those funds and assets "operates as fraud on the defendant's creditors." And on June 25, 1982, the court again found "that said transfer of assets and the continued use of said assets and the operation of Troyer's Pool 'N Patio in the manner indicated in this cause operates as a fraud on the plaintiffs."

---

**3.** The Starke Circuit Court docket lists an entry on November 25, 1981, that defendant filed a notice of appeal. However, the correct procedure for appeal in Indiana is the filing of a Motion to Correct Errors within sixty days of the judgment. That filing was not made, and the notice of appeal is a nullity. Furthermore, the Motion to Extend Time for Filing Motion to Correct Errors was denied (8/30/82) because Trial Rule 6(B) does not allow an extension.

■ The debtor Church was not a named party to the original state court suit, but was a party in interest (as receiver of defendant Troyer's assets) and officially became a party intervenor in February of 1982. There is therefore no bar to considering its interests in the state court action, for collateral estoppel is not limited by the doctrine of mutuality of parties. *Parklane Hosiery Company v. Shore,* 439 U.S. 322, 326, 99 S.Ct. 645, 649, 58 L.Ed.2d 552 (1979); *In re Bohrer,* 19 B.R. 958 (Bkrtcy.E.D.Penn. 1982).

In summary, this Court has found that the four criteria for application of collateral estoppel have been satisfied. (See also, *In re Wade,* 26 B.R. 477 (Bkrtcy.N.D.Ill.1983).) However, the Court must also examine the standards used by the circuit court in determining fraudulent intent before finally applying the doctrine to collaterally estop relitigation of issues in this case.

### 3. *Allegation of fraudulent transfer*

The fraudulent transfer upon which the state court judgments are based was a transfer to, not from, the debtor. However, if the facts and criteria used by the state court in determining that the transfer was fraudulent are identical to those which would be used under section 548 of the Bankruptcy Code to identify fraudulent transfers in bankruptcy, collateral estoppel may be applied with respect to those issues.

■ Under section 548, a transfer of property made "with actual intent to hinder, delay or defraud" creditors is a fraudulent transfer and can be avoided by the trustee in bankruptcy. An intent to hinder or to delay is condemned equally with an intent to defraud, i.e., an intent not to pay creditors at all. 4 *Collier on Bankruptcy,* ¶ 548.02 at 548–30 (15th ed. 1983). Because fraudulent intent is rarely capable of direct proof, a reasonable proof is a showing "that the transferor acted under the circumstances that preclude any reasonable conclusion other than that the purpose of the transfer was fraudulent as to his creditors." *Id.* at 548–34.

Many courts have recognized that a finding of the requisite intent for a fraudulent transfer ... may be dependent on facts which lead to the irresistible conclusion that the transferor's conduct was motivated by such intent; direct proof of the fraudulent intent is not required. [citations omitted] Here the transfer occurred between family members.... Courts give close scrutiny to intrafamily transactions and "... the relationship of the parties in conjunction with other circumstances often makes a trustee's case compelling notwithstanding the absence of direct evidence of fraud."

*Prisbrey v. Noble,* 505 F.2d 170, 174–5 (10th Cir.1974).

The Starke Circuit Court's findings of fact and law include these:

1. defendant continues to operate said business as Troyer's Pool 'N Patio and has attempted to transfer all his personal and business assets to the Life Science Church;

2. he has total complete access to any of said funds and assets and he uses said funds and assets for all his own personal family and business expenses;

3. said transferring and using of said funds and assets operates as fraud on the defendant's creditors,

Order of Writ of Execution Against Defendant's Property, Court Docket, Starke Circuit Court, 11/13/81.

4. at all relevant times Emmett Troyer had total, complete, and unaccountable access to the purported assets of the Life Science Church of River Park for all his own personal, family and business expenses;

5. all the assets of the Life Science Church came from the above original transfer from Emmett Troyer and the continuing operation of Troyer's Pool 'N Patio;

6. at all relevant times, Emmett Troyer was an undisclosed "agent" of the Church;

7. the transfer of assets and the continued use of said assets and the operation of Troyer's Pool 'N Patio in the

manner indicated in this cause operates as a fraud on the plaintiffs;

8.  at all relevant times, for all intents and purposes, the Life Science Church River Park and Troyer's Pool 'N Patio are one and the same entity;

9.  the assets of the Life Science Church River Park are not in any other way exempt, except that certain assets may be subject to security agreements;

10. the Court finds and concludes that the nonexempt assets of the Life Science Church River Park may be used to satisfy the judgment entered herein.

Order, Court Docket, Starke Circuit Court, 6/25/82.

The fraudulent intent of Emmett Troyer in his transfer of all assets into the Church, of which he is a minister and member of the Board of Trustees, and his wife as President of the Board, is clearly evidenced by the state court record and findings. This Court has closely examined the record, and finds that the hearings were full and fair, that due process was always accorded the parties, and that the judgment was fairly obtained and unambiguous. *Matter of Dohm,* 19 B.R. 132, 133 (Bkrtcy.N.D.Ill. 1981). We will not allow a collateral attack on the judgment of the state court.

### 4. *Automatic Stay*

One issue remains: has the debtor's filing in bankruptcy provided an automatic stay barring any further proceeding in the state court action?

The filing of the petition in bankruptcy operates as an automatic stay of "the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title." 11 U.S.C.A. § 362(a)(2) (West 1979). The stay of section 362 is broad in scope.

The purpose of the automatic stay is to preserve what remains of the debtor's insolvent estate and to provide a systematic equitable liquidation procedure for all creditors, secured as well as unse-cured, thereby preventing a "chaotic and uncontrolled scramble for the debtor's assets in a variety of uncoordinated proceedings in different courts."

*Matter of Holtkamp,* 669 F.2d 505, 508 (7th Cir.1982), citations omitted. However, the language of that section unambiguously states that the stay operates only as against the debtor (*Pitts v. Unarco Industries, Inc.,* 698 F.2d 313, 314 (7th Cir.1983) or against the property of the estate. Civil actions not involving the debtor or his estate may therefore go forward.

However, where, as here, the pending action is neither connected with nor interfering with the bankruptcy proceeding, the automatic stay in no way fosters Code policy. S.Rep. No. 989, 95th Cong., 2d Sess. 50, 52, *reprinted in* [1978] U.S. Code Cong. & Ad.News 5836, 5838. *Matter of Holtkamp, supra,* 508.

The debtor appearing in this court is the Church. The judgment in question was obtained against Emmett Troyer, minister of the Church. The assets to be collected in satisfaction of the judgment were fraudulently transferred to the church. They are not the church's assets, and are not the property of the church's estate in bankruptcy. The enforcement of the circuit court judgment will not affect the debtor or the property of the estate. Therefore, the automatic stay has no bearing on the property available for satisfaction of the judgment.

On July 22, 1982, the Starke Circuit Court conditioned its stay of the execution of the judgment upon the posting of a bond by the Life Science Church. The bond was not posted. The Church's filing in bankruptcy may not now be used to delay execution of that judgment.

The bankruptcy courts are available to give the honest debtor a fresh start. They should not be available to provide an unhappy litigant a second forum to relitigate lost issues. *Matter of Dohm,* 19 B.R. 132, 134 (Bkrtcy.N.D.Ill.1981).

### *Conclusion*

The original state court judgment against Emmett Troyer has not been contested by debtor, and is upheld by this Court. Our

review of the Proceedings Supplemental clearly shows that full and fair litigation concerning the fraudulent transfer resulted in an unambiguous judgment. We therefore find, on the basis of the evidence of the state court record, that Troyer's transfer of assets into the Life Science Church was a fraudulent transfer.

` This Court further finds that the criteria necessary for the application of collateral estoppel have been satisfied, and that the state court judgment and the record supporting that judgment operate to collaterally estop relitigation of issues actually and necessarily litigated. The Court concludes that the judgment property in question is not property of the debtor Life Science Church and is not to be included in the bankruptcy estate. Debtor is hereby ordered to turn over all assets fraudulently transferred into its possession into the custody of the Starke Circuit Court for satisfaction of that prior judgment.

SO ORDERED.